UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00320-RJC-SCR

| | |
|---|---|
| CATHERINE MCKOY, MILLARD WILLIAMS, MARKUS FRAZIER, and LYNN CHADWICK, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| ACN OPPORTUNITY, LLC | ) ) ) |
| Defendant. | ) |

ORDER

**THIS MATTER** comes before the Court on Plaintiff Catherine McKoy's Motion to Confirm the Arbitration Award, (Doc. No. 33), and Defendant's Motion to Vacate the Arbitration Award. (Doc. No. 42). For the reasons stated herein, Plaintiffs' Motion to Confirm the Arbitration Award is **GRANTED**, and Defendants' Motion to Vacate the Arbitration Award is **DENIED**.

I.  BACKGROUND

A.  Factual Background

Defendant ACN Opportunity, LLC ("ACN") is a multilevel marketing company that markets telecommunications, energy, and essential products and services for homes and businesses to customers via Independent Business Owners ("IBOs"). (Doc. No. 1 at ¶ 18; Doc. No. 22 at 1). Plaintiffs Catherine McKoy, Millard Williams, Markus Frazier, and Lynn Chadwick separately became ACN IBOs and, as part of the process, each agreed to IBO Agreements between 2013 and 2016. (Doc. No. 12-5; Doc. No. 12-6; Doc. No. 12-7; Doc. No. 12-8). The IBO Agreements contained an arbitration

provision in the event of any dispute between Plaintiffs and ACN. (Doc. No. 12-5; Doc. No. 12-6; Doc. No. 12-7; Doc. No. 12-8). The text of the relevant IBO Agreement states in relevant part,

> [i]n the event of a dispute between me and ACN as to our respective rights, duties and obligations arising out of or relating to this Agreement, it is agreed that such disputes shall be exclusively resolved through binding arbitration.

(Doc. No. 12-5 at 5).

On October 29, 2018, Plaintiffs filed a class action lawsuit against then-President Donald Trump, his adult children, and the Trump Corporation (the "Trumps") in the United States District Court for the Southern District of New York (the "SDNY Action"). (Doc. No. 12-9). Plaintiffs alleged in the SDNY Action that the Trumps' paid endorsement of ACN defrauded and misled Plaintiffs into paying fees to become ACN IBOs by conveying false messages about the risks and profitability of investing in ACN. (Doc. No. 12-4 at 6). ACN is not a defendant in the SDNY Action. (Doc. No. 12-9 at ¶¶ 36–40).

ACN was however compelled to submit discovery for the SDNY Action, over ACN's request to compel arbitration on the matter. (Doc. No. 12-11). The court, in an oral ruling, concluded the discovery dispute was not within the scope of the IBO Agreements' arbitration provisions and that it lacked jurisdiction to compel arbitration. (*Id.* at 14–15). The court also denied ACN's request to compel the entire SDNY Action to arbitration because ACN's argument was a mischaracterization of the SDNY Action as an action against ACN and as a non-party ACN lacked standing to compel arbitration. (*Id.* at 16). ACN appealed, and on July 28, 2021, the Second

2

Circuit affirmed. (Doc. No. 12-12). The Second Circuit concluded that the district court lacked subject matter jurisdiction over ACN's request to compel arbitration because ACN was not a party to the SDNY Action. (*Id.* at 38–43).

B.     **Procedural Background**

ACN commenced arbitration demands against Plaintiffs in Charlotte, North Carolina. (Doc. No. 12 ¶ 12, Doc. No. 1-1). Plaintiffs did not respond to the arbitration demands, instead filing this action, requesting (1) declaratory judgment that the claims were not arbitrable, and (2) the Court stay and enjoin the arbitration proceedings and require ACN to withdraw the Arbitration Demands. (Doc. No. 1). Plaintiffs later filed a Motion for Temporary Restraining Order and Preliminary Injunction (the "Motions"). (Doc. No. 10).

This Court denied the Motions, holding that an arbitrator "must decide whether the disputes raised in the Arbitration Demands are arbitrable." (Doc. No. 22 at 13). In arbitration, Plaintiffs filed a Motion to Dismiss for Lack of Arbitral Jurisdiction and for Failure to State a Claim (the "Motion to Dismiss"). (*See* Doc. No. 34-4 at 3; Doc. No. 44 at 8). The Arbitrator granted Plaintiff's Motion to Dismiss, finding the dispute was not arbitrable and that ACN failed to state a claim. (Doc. No. 34-4). On April 5, 2023, Plaintiff Catherine McKoy moved to confirm the arbitration award as judgment of the court. (Doc. No. 33). A month later, ACN filed a petition to vacate the arbitration award. (Doc. No. 42).

ACN argues that the arbitration award should be vacated because the Arbitrator exceeded his authority by (1) abandoning his interpretive role in

3

determining whether the dispute was arbitrable; (2) considering the merits of the dispute when determining arbitrability; and (3) dismissing the arbitration demand for failure to state a claim after determining he did not have jurisdiction. (Doc. No. 42-4 at 3–4).

## II. LEGAL STANDARDS

Review of an arbitration award is "severely circumscribed." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). "In fact, the scope of judicial review of arbitration awards in general 'is among the narrowest known at law.'" *Advantage Veterans Servs. of Walterboro, LLC v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l, Loc. 7898*, 70 F.4th 751, 755 (4th Cir. 2023) (quoting *MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 857 (4th Cir. 2010)). "As long as the arbitrator is even arguably construing or applying the contract, a court may not vacate the arbitrator's judgment." *Upshur Coals Corp. v. United Mine Workers of Am., Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991) (cleaned up). This is so because "to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *MCI Constructors*, 610 F.3d at 857 (quoting *Three S Delaware, Inc. v. DataQuick Info. Sys., Inc.,* 492 F.3d 520, 527 (4th Cir. 2007)).

In reviewing an arbitration award, "a district court is limited to determine whether the arbitrators did the job they were told to do—not whether they did it well, or correctly, or reasonably, but simply whether they did it." *Three S Delaware*, 492

4

F.3d at 527 (*Remmey v. PaineWebber, Inc.*, 32 F.3d 143, 146 (4th Cir. 1994)). "When an arbitrator resolves disputes regarding the application of a contract, and no dishonesty is alleged, the arbitrator's 'improvident, even silly, factfinding' does not provide a basis for a reviewing court to refuse to enforce the award." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 39 (1987)).

Therefore, to prevail, a party seeking vacatur "must clear a high hurdle. It is not enough . . . to show that the [arbitrator] committed an error—or even a serious error." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). "Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law." *Apex Plumbing Supply*, 142 F.3d at 193.

In relevant part, the Federal Arbitration Act, 9 U.S.C. § 10(a), provides that a court may vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).

### III. DISCUSSION

Defendant contends that the arbitrator exceeded his authority by (1) abandoning his interpretive role in determining whether the dispute was arbitrable; (2) considering the merits of the dispute when determining arbitrability; and (3) dismissing the arbitration demand for failure to state a claim after determining he did not have jurisdiction. (Doc. No. 42-4 at 3–4).

Whether an arbitrator exceeded his powers depends upon whether "the

5

arbitrator strayed from his delegated task of interpreting a contract." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 572 (2013). An arbitrator has not exceeded his authority as long as the arbitrator does not stray from contract interpretation and effectively enforce his own brand of justice. *Major League Baseball Players Ass'n.*, 532 U.S. at 509. The Fourth Circuit has recognized that any doubts about the scope of arbitrable issues or an arbitrator's authority are "resolved in favor of the arbitrators' authority as a matter of federal law and policy." *Three S Del., Inc.*, 492 F.3d at 531.

### A. The arbitrator did not exceed his authority by abandoning his interpretive role.

ACN maintains that the Arbitrator abandoned his duty to enter his own, independent decision on whether the dispute between the Plaintiffs and ACN was subject to arbitration. (Doc. No. 42-4 at 4). ACN contends that the Arbitrator exclusively relied on prior court decisions when entering his own judgment; therefore, he "abandoned his interpretive role" which "exceeded his powers and/or so imperfectly executed them such that a mutual, final, and definite award was not made in arbitration." (*Id.*).

To support this argument, ACN primarily relies on the Supreme Court's plurality opinion in *Green Tree Financial Corp. v. Bazzle*. In a plurality decision, the Supreme Court identified the issue as pertaining to "what kind of arbitration proceeding the parties agreed to." *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003). Specifically, whether the contracts forbade class arbitration. *Id*. The Court explained that matters of contract interpretation should be for the arbitrator and not the courts to decide, and therefore, the issue of class certification, which was a

6

question of contract interpretation, should be answered by the arbitrator. *Id.* at 452–53. In so holding, the Court opined that "the parties have not yet obtained the arbitration decision that their contracts foresee, observing that "there is at least a strong likelihood" in both cases "that the arbitrator's decision reflected a court's interpretation of the contracts rather than an arbitrator's interpretation." *Id.* at 454. Ultimately, the Court remanded the case for the arbitrator to decide the question of contract interpretation. *Id.* at 454.

ACN urges that this holding means the arbitrator could not use the opinion by the Southern District of New York or the Second Circuit when rendering his own judgment. (Doc. No. 42-4 at 6). Of note, *Bazzle* is a fractured plurality opinion that is not binding upon this Court—the Supreme Court has recognized as much in subsequent opinions. *See Stolt-Nielsen S.A.*, 559 U.S. at 679 ("*Bazzle* did not yield a majority decision on any of the three questions" identified by the Court in the majority, concurring, and dissenting opinions.). Given the distinctions between the issues in *Bazzle* and the case at bar, the Court likewise does not find it persuasive.

The ultimate issue here is whether the arbitrator effectively imposed his own view of sound public policy instead of engaging in contract interpretation when making his decision. *See Stolt-Nielsen S.A.*, 559 U.S. at 672. Here, the Arbitrator relied on contract interpretation: He stated the dispute did "not implicate the IBO Agreement in any way." (Doc. No. 34-4 at 5). By reading the IBO and concluding that it did not apply, the arbitrator relied upon the contract to make his determination. That he also referenced the relevant decisions by the Southern District of New York

7

and the Second Circuit does not change his reliance on contract interpretation. *See Cent. W. Va. Energy, Inc. v. Bayer Cropscience LP*, 645 F.3d 267, 277 (4th Cir. 2011) (concluding that because the arbitration panel "based its jurisdiction on a plausible reading of the parties' contractual language" the panel did not exceed its authority). Therefore, the arbitrator did not exceed his authority in referencing the other court decisions.

> B. **The arbitrator did not exceed his authority by considering the merits of the dispute.**

ACN next argues that the Arbitrator incorrectly considered the merits of the underlying dispute between the parties when determining arbitrability. (Doc. No. 42-4 at 8–9). ACN argues that *AT&T Technologies* forbids arbitrators from engaging with the merits when determining if the parties have agreed to submit a particular grievance to arbitrator. (Doc. No. 42-4 at 7–8). In *AT&T Technologies*, the Supreme Court explained that when courts are determining whether the parties have agreed to submit a particular grievance to arbitration, the court should not rule on the potential merits of the underlying claims. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649–50 (1986). However, that does not preclude examining a claim and facts supporting it, when determining arbitrability, to conclude whether the dispute falls within the relevant contract. *See Baltimore/Washington Constr. & Pub. Emp. Laborer's Dist. Council v. Whiting-Turner Contracting Co.*, 244 F. Supp. 3d 490, 496–97 (D. Md. 2017) (analyzing the "grievance" to determine if it falls under the agreement).

ACN points to language within the arbitrator's conclusions of law that it claims

8

show that the arbitrator engaged with the merits of the underlying dispute. Here, the Arbitrator looked to the IBO Agreement's arbitration provision and the claims involved in the suit to determine whether the underlying claims were arbitrable. The arbitrator observed that ACN's "attempt to characterize its claims as breaches of the IBO Agreement by labelling them as breaches of contract lacks substance" because "the facts are that [Plaintiffs] in the SDNY lawsuit filed the action against unrelated defendants and only sought third party discovery from [ACN]." (Doc. No. 34-4 at 5). Ultimately, the arbitrator determined that the "dispute with the Trump defendants is not a dispute with ACN and simply does not implicate the IBO Agreement in any way." (*Id.*). Such analysis was not an excess of the arbitrator's powers.

### C. The arbitrator did not exceed his powers by dismissing for failure to state a claim.

ACN maintains that because the Arbitrator said there was no arbitral jurisdiction, the Arbitrator exceeded his powers by also dismissing for failure to state a claim. (Doc. No. 42-4 at 11). ACN argues that if the Arbitrator had no jurisdiction, he could not decide the claim on the merits. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013). ACN's argument is essentially that the arbitrator made a legal error. Our review of an arbitration award is limited. *See United Paperworkers Int'l Union*, 484 U.S. at 38 ("Courts thus do not sit to hear claims of . . . legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts. . . . [T]hat a court is convinced [the arbitrator] committed serious error does not suffice to overturn his decision.").

9

As discussed above, an arbitrator oversteps his powers when the arbitrator strays from his role of interpreting the terms of the contract. *Stolt-Nielsen S.A.*, 559 U.S. at 672. Here, the Arbitrator looked to the contract in determining that ACN failed to state a claim. (Doc. No. 34-4 at 6 ("[T]he breach of contract claims . . . fail because [ACN] does not identify any provision in the IBO Agreement that has been allegedly breached . . . .")). The arbitrator never strayed from his role to interpret the contract. *Upshur Coals Corp.*, 933 F.2d at 229 ("As long as the arbitrator is even arguably construing or applying the contract, a court may not vacate the arbitrator's judgment." (cleaned up)). Therefore, even if the arbitrator made a legal error, this Court is without grounds to vacate the award—the Arbitrator did not overstep his powers. *Miller v. Prudential Bache Sec., Inc.*, 884 F.2d 128, 130 (4th Cir. 1989) (explaining that federal courts will not set aside an arbitrator's award for errors of law).

ACN has failed to meet the high threshold required to vacate an arbitration award. In general, denying a motion to vacate an arbitration award effectively confirms the underlying arbitration award. *Hale v. Morgan Stanley*, 571 F. Supp. 3d 872, 886 (S.D. Ohio 2021), *aff'd sub nom. Hale v. Morgan Stanley Smith Barney LLC*, No. 21-4184, 2023 WL 2972572 (6th Cir. Apr. 17, 2023). Therefore, ACN's Motion to Vacate the Arbitration Award is properly denied, and Plaintiff's Motion to Confirm the Arbitration award is granted.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Confirm the Arbitration Award, (Doc. No. 33), is

**GRANTED**; and

2. Defendant's Motion to Vacate the Arbitration Award, (Doc. No. 42), is **DENIED**.

**SO ORDERED.**

Signed: July 1, 2024

Robert J. Conrad, Jr.
United States District Judge